140 CA

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Marcia M. Waldron
Clerk

Telephone
267-299-4927

www.ca3.uscourts.gov

October 4, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA   17108

RECEIVED
HARRISBURG, PA

OCT 07 2002

MARY E. D'ANDREA, CLERK
Per ___

RE: Docket No. 01-4016
    Williams  vs. Secretary Defense
    D. C. CIV. No. 00-cv-01283

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   (X) We release herewith the certified list in lieu of the record.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                              Very truly yours,
                              MARCIA M. WALDRON
                              Clerk

                         By:  Dana M. Moore /cmd
                              Dana M. Moore
                              Case Manager

Enclosure

cc:
        Andrew J. Ostrowski, Esq.
        Joseph J. Terz, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4016

BARBARA WILLIAMS,
Appellant
v.

DONALD RUMSFELD, Secretary, Department of Defense

FILED
HARRISBURG, PA
OCT 07 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 1: CV-00-1283)
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Tuesday, July 16, 2002

Before: SCIRICA, ALITO and FUENTES, Circuit Judges

JUDGMENT

This cause came to be heard on the record from the United States District Court for the Middle District of Pennslyvania and was submitted on July 16, 2002.

On consideration whereof, it is now here ORDERED and ADJUDGED by this Court that the Order of the said District Court entered on September 28, 2001, be, and

No. 01-4016

Page 2

the same is, hereby AFFIRMED. All of the above in accordance with the opinion of this Court.

ATTEST:

*Kathleen Brewer*

Chief Deputy Clerk

Dated: August 13, 2002

Certified as a true copy and issued in lieu

of a formal mandate on 10/4/02

Teste: *Kathleen Brewer*

**Chief Deputy Clerk, U.S. Court of Appeals for the Third Circuit.**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4016

BARBARA WILLIAMS,
    Appellant

v.

DONALD RUMSFELD, Secretary, Department of Defense

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1: CV-00-1283)
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Tuesday, July 16th, 2002

Before: SCIRICA, ALITO and FUENTES, Circuit Judges

(Opinion Filed: August 13, 2002)

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>:

Plaintiff Barbara Williams appeals the district court's grant of the Defendant's summary judgment motion. Williams, an African-American female, had alleged that she was separated from federal service based on her race, in violation of Title VII. She also claimed that she was terminated in retaliation for pursuing administrative EEO remedies, a protected activity under Title VII. Because we agree with the district court that Williams' claim raised no genuine issues of material fact, we affirm.

I.

Barbara Williams brought the instant lawsuit after having been separated from federal service in September 1999.[1] Williams had been employed by the Defense Logistics Agency (DLA), a component of the United States Department of Defense, since 1985. At all times relevant to this case, Williams held the position of Administrative Assistant, GS-05.

In 1997, the DLA was re-organized and two of its distribution regions were consolidated as part of a "Most Efficient Organization" plan ("MEO"). As a result, fifty-seven positions within the newly created Defense Distribution Center ("DDC") (including all GS-05's in Williams' office) were slated to be eliminated. However, because of the two-year differential between the proposal of the MEO and the

---

[1] The background and factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis.

2

implementation of the force reduction, many of the DLA employees in positions that the MEO had identified as 'excess' were able to take advantage of either Voluntary Early Retirement (VERA) and/or Voluntary Separation Incentive Payment (VISP) initiatives. In addition, others applied and were selected for promotion or reassignment to positions that became vacant prior to September 1999 (the MEO's implementation date). Together, these groups constituted the majority of the employees whose positions were slated to be eliminated by the MEO.

Nevertheless, by July of 1999, the voluntary staffing reductions of the MEO had not been fully realized, and a mandatory Reduction-in-Force (RIF) was initiated. Although sixteen employees in the DDC headquarters were still employed in positions targeted by the RIF in July, the only employees who were ultimately involuntarily separated in September were Williams and one Hispanic female.

## II.

We exercise plenary review over an order granting summary judgment, applying the same standard that the lower court should have applied. Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). Therefore, we must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Armbruster, 32 F.3d at

3

777. Our jurisdiction to review summary judgment orders is based upon 28 U.S.C. § 1291.

### III.

Williams first claims that the district court erred in granting summary judgment because there existed sufficient evidence to create a genuine issue of material fact, namely whether three non-protected employees were treated more favorably through the RIF. The Supreme Court has set forth a three-step, burden-shifting framework for the presentation of evidence in discriminatory treatment cases litigated under Title VII of the Civil Rights Act of 1964. See McDonnel-Douglas v. Green, 411 U.S. 792 (1973). In the first step, the plaintiff must make out a prima facie case of race discrimination. See In re: Carnegie Center Assoc., 129 F.3d 290, 294 (3d Cir. 1997). The district court below found, and the defendant stipulates on appeal, that Williams has met her threshold burden. See Id. at 294-95 (determining that, "in a Title VII case...involving a reduction in force...to make out a *prima facie* case the plaintiff must show that (1) she belonged to a protected class, (2) she was qualified for the position from which she was terminated, (3) she was terminated and (4) persons outside of the protected class were retained."). Furthermore, we agree with the District Court that the defense has clearly met its intermediate burden of articulating a facially legitimate non-discriminatory reason for Williams' termination, namely that it had conducted the RIF in accordance with the procedure prescribed by the OPM. See App. Br. at 16; Fuentes v. Perskie, 32 F3d 759, 763 (3d Cir. 1994) (instructing that, in order to satisfy its burden of production, defendant need only "introduc[e] evidence which, taken as true, would permit the

4

conclusion that there was a nondiscriminatory reason for the unfavorable employment decision.").

Once the defendant has proffered a legitimate, non-discriminatory reason for its actions, the burden then shifts back to the plaintiff. Fuentes, 32 F3d at 763. In Fuentes, we instructed that;

> [T]o defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. In other words...a plaintiff who has made out a prima facie case may defeat a motion for summary judgment by *either* (i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. Id.

This third and final stage of the McDonnel-Douglas test is the only one at issue here. On appeal, Williams claims that the district court erred in granting the defendant's summary judgment motion because "conflicting and misleading evidence of [Williams'] seniority status" created a genuine issue of material fact. App. Br. at 19. She identifies three different documents that appear to indicate three different tenure ranking dates for her. She alleges that, if the DDC had relied on the highest of her three tenure rankings (and the one which Williams alleges is correct), she would have been listed ahead of three "excess" employees who were retained, even though none of them were members of a protected class. App. Br. at 19-20.

5

Nevertheless, Williams offers no evidence that any of the three non-protected employees were hired based on their seniority. As Fuentes makes clear, at this stage of the proceedings, the burden of proof is on Williams. Fuentes, 32 F3d at 763. Specifically, she must offer some *material* evidence that casts doubt on the DDC's proffered, facially non-discriminatory explanation of its reasons for separating her from Federal service. However, Williams' evidence that she may have had a higher seniority status than the three retained employees is not material if it was a non-factor in the hiring process. See Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992) ("[a] disputed fact is 'material' if it would affect the outcome of the suit as determined by the substantive law"). Therefore, Williams' attempt to discredit the DDC's facially legitimate claim for separating her from federal service based on her proffered conflicting and misleading evidence of her seniority status must fail as a matter of law. Id. (instructing that a party attempting to avoid a motion for summary judgment must offer "sufficient evidence for jury to return a verdict in favor of the nonmoving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted").

Williams also claims that "a position for which [Williams had] interviewed and was qualified, was available exclusively to her as of September 30, 1999," and the fact that she was not offered the position is evidence that Defendant's proffered legitimate non-discriminatory purpose was actually a pretext for racial discrimination. The District Court rejected Williams' claim, indicating that the position that Williams claims was available "exclusively" to her on September 30, actually did not become open until October 12, 1999. Since Williams had already been separated by that time, the Court

6

reasoned that the Defendant's refusal to offer the position to Williams is not evidence that Defendant's non-discriminatory reason for separating Williams was a pretext for racial discrimination. App. at 10.

On appeal, Williams claims that since the availability date given for the job opening, October 12th, is not "a sworn and verified date" the District Court resolved a material fact issue against a non-moving party, and therefore its decision to grant summary judgment should be reversed. See Armbruster, 32 F.3d at 777 (instructing that, in reviewing a motion for summary judgment, a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor). Nevertheless, there is evidence in the record that a previously selected employee did not refuse the position until October 12th, 1999, See App. at 131 (DDC's Referral and Selection Register), and Williams offers no evidence to the contrary. While this Court must, on Defendant's motion for summary judgment, view *the facts* in a light most favorable to Williams' claim, we are not obligated to accept Williams naked assertions contrary to evidence that exists in the record. Williams further claims that there was a "legitimate opportunity to avoid the impact of the RIF as it relates to [Williams]," citing a recommendation made by the chief union steward to the DDC that Williams "could be placed in the Dispatcher position" once the previously selected employee had declined. App. at 132. Nevertheless, this information is clearly not "significantly probative" as to the Defendant's alleged pretext for Williams' separation, since Williams had already been separated once the previously selected employee had declined the position in question. Therefore, Williams has failed to meet her burden of proof to show that

Defendant's proffered legitimate reason was actually a pretext for racial discrimination, and we find that no genuine issue of material fact exists with regard to this claim.

Williams also offers evidence that three non-protected DDC employees each held two jobs simultaneously with the Department of Defense during the period in question, and that this evidence is "alone dispositive" of her racial discrimination claim. In addition, she also alleges that she has presented sufficient evidence of a discriminatory workplace atmosphere and that her separation was retaliation for earlier EEOC claim. With regard to each of these issues, we find the reasoning of the district court to have been thorough and persuasive. We therefore affirm substantially for the reasons stated in that opinion.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes

Circuit Judge

8